UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. CATE, Warden,<br><br>　　　　Respondent.<br>_____ / | No. C-13-0864 EMC (pr)<br><br>**ORDER OF PARTIAL DISMISSAL AND TRANSFER** |

Petitioner, an inmate at the California State Prison in Lancaster, has filed a petition for writ of habeas corpus to assert claims about the conditions of confinement at Salinas Valley State Prison and to challenge a disciplinary decision. The two kinds of claims require separate treatment.

The first subject area in the petition concerns prison officials' response to Petitioner's alleged disabilities and medical needs. Petitioner contends that prison officials have violated his rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and have inflicted cruel and unusual punishment in their refusal to classify him as disabled, accommodate his disabilities, and provide adequate medical care for his conditions. These are challenges to the conditions of confinement and must be brought in a civil rights complaint under the ADA and 42 U.S.C. § 1983. Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir.

1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). The ADA and Eighth Amendment claims are dismissed without prejudice to Petitioner filing a civil rights action asserting such claims. The Northern District of California would be an appropriate venue for a civil rights action concerning the conditions of confinement at Salinas Valley.

The second subject area in the petition is the challenge to the prison disciplinary decision. This is a challenge to the execution of Petitioner's sentence, *i.e.*, a prison disciplinary decision that resulted in the loss of time credits. Although the disciplinary decision occurred while Petitioner was housed at Salinas Valley State Prison, he has since been transferred to a new prison. The prison at which Petitioner is now incarcerated is in Los Angeles County, within the venue of the Central District of California. Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the execution of a sentence. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Because Petitioner is confined in the Central District of California and challenging the execution of his sentence, pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this action is **TRANSFERRED** to the United States District Court for the Central District of California. The Clerk shall transfer this matter forthwith.

IT IS SO ORDERED.

Dated: May 9, 2013

_____
EDWARD M. CHEN
United States District Judge